# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **GREGORY REICHERT,** | ) |
| Plaintiff | ) |
| | ) Case No. _____ |
| v. | ) |
| | ) |
| **WHIRLPOOL CORPORATION,** | ) |
| Defendant | ) |

## COMPLAINT

Plaintiff, Gregory Reichert, through his undersigned counsel, brings this action against the Defendant, Whirlpool Corporation, and as for his causes of action states as follows:

## JURISDICTION

1. Plaintiff's claims "relate to" an "employee welfare benefit plan" as defined by the Employee Retirement Income Security Act (here referred to as ERISA), 29 U.S.C. §§ 1001 et seq., and that the subject Plan constitutes a "plan under ERISA." Therefore, this Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

2. Venue is proper within this district pursuant to 29 U.S.C. § 1132(e)(2) because the acts complained of occurred within this district.

## PARTIES

3. Plaintiff Gregory Reichert is now, and at all times mentioned in this

1

complaint was, a resident of Tennessee.

4. Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendant, Whirlpool Corporation, is now, and at all times mentioned in this complaint was, an employer that maintained the Retiree Health Reimbursement Arrangement (RHRA) for the benefit of its eligible employees, including former employees who had retired, and that the RHRA is an "employee welfare benefit plan" described in section 3(1) of ERISA, 29 U.S.C. § 1002(1), herein referred to as the Plan.

## FACTUAL BACKGROUND

5. Mr. Reichert retired from The Whirlpool Corporation in 2006, several months after Whirlpool acquired Maytag Corporation, where Mr. Reichert had been employed for many years. He continued to receive benefits in Whirlpool's Health Benefit Insurance Plan for six years until he became eligible for Medicare in May 2012. At that time he received a letter from Whirlpool, dated May 10, 2012 (attached hereto as Exhibit A), confirming that he was eligible for benefits under the RHRA Plan.

6. Defendant paid benefits under the Plan to Plaintiff from May 2012 to December 2016. The amount paid each month was $85, representing $50 for Medicare Supplemental Insurance and $35 for partial reimbursement for Medicare Part D, prescription drugs. Accordingly, during the stated time period, Defendant paid Plaintiff $4760 for 56 months of benefits.

7. In January 2017, Mr. Reichert received a letter from Whirlpool's third party

administrator, OneExchange (owned and operated by Willis Towers Watson), notifying Mr. Reichert of what it termed a "loss of funding" from Whirlpool and thus a loss of his $85 monthly RHRA stipend. The letter is attached hereto as Exhibit B. However, Mr. Reichert has made no changes of any kind and the Notification of Loss of Funding letter contained no explanation of why or how there had occurred a loss of funding from Whirlpool. The letter fails to identify the provision of the Plan document that would make Mr. Reichert ineligible for continued benefits from the Plan. There is only a list of five possible reasons for losing benefits but the list is not exhaustive and the letter does not state which, if any, of those five potential descriptions rendered Mr. Reichert ineligible for continued participation in the Plan.

8. Mr. Reichert made several attempts to receive an explanation from OneExchange or from Whirlpool as to why there was an interruption in the funding of his Retiree Reimbursement stipend since he clearly qualified for it and had received it for 56 straight months. On approximately March 31, 2017, he was told by a OneExchange employee by telephone that Whirlpool had decided he was indeed entitled to continue receiving the monthly stipend. However, only approximately 19 days later another OneExchange employee telephoned Mr. Reichert and told him that now he did not qualify. The employee was not able to explain why there was a change in the decision conveyed on approximately March 31 to the effect that he was entitled and qualified.

9. Mr. Reichert wrote a letter to Whirlpool's Benefits Center on May 8, 2017, asking for an explanation as to why the funding was terminated and why he no longer qualified for these retirement benefits. The letter also requested copies of Plan summaries and documents that would control his eligibility. A true copy of Plaintiff's May 8, 2017 letter seeking an explanation for the termination of benefits is attached hereto as Exhibit C. No reply by Defendant to said

3

letter was received.

10. The undersigned attorney wrote another letter to Whirlpool on June 20, 2017, on behalf of Mr. Reichert, addressed to its Benefits Center and again seeking an explanation for the termination of Plaintiff's benefits, including a request for documents. A true copy of said letter is attached as Exhibit D. Again no reply to said letter has been received.

11. Plaintiff wrote another letter to Defendant on August 15, 2017, again seeking an explanation for the termination of Plaintiff's benefits and renewed his demand for copies of controlling plan documents. A true copy of said letter is attached as Exhibit E. Again no reply to said letter has been received.

12. Approximately twice in the last two weeks of August, 2017, Plaintiff called Whirlpool Benefits Center and spoke with an employee named Zury and twice with a supervisor named Cindy. On August 30, 2017, the supervisor Cindy failed to return a telephone call from Plaintiff and never accepted calls from him thereafter. Neither Cindy nor Zury supplied an explanation of why Plaintiff's benefits were terminated, both telling him, "You just don't qualify."

### FIRST CAUSE OF ACTION—FOR RECOVERY OF PLAN BENEFITS, PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)

13. Plaintiff incorporates herein the allegations of the Jurisdiction, Parties, and Factual Background sections above as though set forth in full in this cause of action.

14. Under the terms of the Plan, Defendant agreed to provide Plaintiff with benefits as described in paragraphs 4-6 above. Defendant failed to provide such benefits

4

beginning in January 2017.

15. Denial of benefits to Plaintiff constitutes a breach of the Plan between Defendant and Plaintiff. Plaintiff seeks reimbursement and compensation for any and all benefits he would have received as a result of Defendant's failure to provide coverage, in an amount at present unknown but to be established at the time of trial.

16. Defendant's denial of benefits has been arbitrary and capricious and was not based on the terms of the Plan documents. Defendant further has not provided Mr. Reichert with the administrative remedies that are required under ERISA.

17. Mr. Reichert is entitled to a ruling that he is eligible for benefits under the terms of the Plan as provided under ERISA.

18. As a direct and proximate result of Defendant's above-described conduct in failing to provide coverage and benefits under the Plan, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other economic and consequential damages, for a total amount to be determined at the time of trial.

19. Plaintiff is entitled to benefits and prejudgment interest at the appropriate rate.

**SECOND CAUSE OF ACTION—FOR RECOVERY OF PENALTY FOR FAILURE TO PROVIDE DOCUMENTS REQUIRED BY ERISA PURSUANT TO 29 U.S.C. § 1132(c)(1)**

20. Plaintiff incorporates herein the allegations of the Jurisdiction, Parties, and Factual Background sections above, along with the First Cause of Action, as though set

forth in full in this cause of action.

21. Defendant failed to provide copies of Plan documents and summary descriptions of the Plan, even though requested on May 8, 2017 and subsequently in later correspondence, in violation of section 101, et seq. of ERISA, 29 USC § 1021, et seq. Further, Defendant refused to provide written explanation for the reason for termination of Plaintiff's benefits beginning in January 2017, after being requested by Plaintiff in writing twice and by his attorney on another occasion. For these failures, Plaintiff is entitled to recover from Defendant the penalty for not providing a written detailed explanation, pursuant to 29 U.S.C. §1132(c)(1), at the rate of $100 per day since June 7, 2017 or earlier.

**THIRD CAUSE OF ACTION—FOR AWARD OF ATTORNEY FEES AND COSTS, PURSUANT TO 29 U.S.C. § 1132(g)(1)**

22. Plaintiff incorporates herein the allegations of the Jurisdiction, Parties, and Factual Background sections, along with the First and Second Causes of Action, as though set forth in full in this cause of action.

23. 29 U.S.C. § 1132(g)(1) authorizes this Court to award reasonable attorney fees and costs of action to either party in an ERISA action.

24. Defendant has failed to provide Plaintiff with an administrative review of his claim, described in the statute as "adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the

6

specific reasons for such denial, written in a manner calculated to be understood by the participant," as required by section 503 of ERISA, 29 U.S.C. § 1133. This failure by Defendant has necessitated that Plaintiff seek judicial relief. Further, as a result of the actions and failings of the Defendant, described in this complaint, Plaintiff has retained the services of legal counsel and has necessarily incurred attorney fees and costs in prosecuting this action. Further, Plaintiff anticipates incurring additional attorney fees and costs in subsequently pursuing this action, all in a final amount that is currently unknown.

25. For the foregoing reasons, this court should award Plaintiff payment of his reasonable attorneys' fees and costs in pursuing his rights to benefits under the Plan, as provided in section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests judgment as follows:

1. For a declaration regarding the Defendant's noncompliance with the minimum requirements of ERISA and other federal and state laws in connection with the denial of benefits;

2. For cash benefits payable under the Plan that Plaintiff is entitled to receive so as to reimburse him for his expenditures;

3. That Plaintiff be reinstated as a Plan Participant in the Defendant's RHRA Plan and for future benefits payable under the Plan that Plaintiff is entitled to receive;

4. For an award of prejudgment interest;

5. For an award of the statutory daily penalty of $100 per day under 29 U.S.C. § 1132(c)(1).

6. For an award of reasonable attorney fees pursuant to 29 U.S.C. § 1132(g)(1);

7. For costs of suit incurred; and

8. For such other and further relief as the Court deems just and proper.

/s/George E. Copple
George E. Copple (#6411)
Parker & Crofford
1230 2nd Ave., S.
Nashville TN 37210
(615) 254-9100
gcopple@copplelaw.biz
Attorney for Plaintiff